**Attachment 1**



# SUPREME COURT OF CALIFORNIA
## ORAL ARGUMENT CALENDAR
## LOS ANGELES SESSION
## APRIL 6, 7, and 8, 2009

The following cases are placed upon the calendar of the Supreme Court for hearing at its courtroom in the Ronald Reagan State Office Building, 300 South Spring Street, Third Floor, North Tower, Los Angeles, California on April 6, 7, and 8, 2009.

### MONDAY, APRIL 6, 2009—1:30 P.M.
| | |
|---|---|
| S154847 | People v. Nguyen (Vince) |
| S116882 | People v. Burgener (Michael Ray) [Automatic Appeal] |
| S050851 | People v. Dykes (Ernest) [Automatic Appeal] |

### TUESDAY, APRIL 7, 2009—9:00 A.M.
| | |
|---|---|
| S149178 | Miller et al. v. Bank of America NT & SA *(Chin, J., not participating; Nares, J., assigned justice pro tempore)* |
| S155823 | People v. Medina (Jose) et al. |
| S024833 | People v. Farley (Richard Wade) [Automatic Appeal] *(Kennard, J., not participating; Nicholson, J., assigned justice pro tempore)* |

### 1:30 P.M.
| | |
|---|---|
| S150528 | Smith v. Workers' Compensation Appeals Board, California Youth Authority et al. |
| S157197 | Hughes v. Pair |
| S099231 | In re Bolden (Clifford Stanley) on Habeas Corpus |

### WEDNESDAY, APRIL 8, 2009—9:00 A.M.
| | |
|---|---|
| S155965 | Arias v. Superior Court of San Joaquin County (Angelo Dairy et al., Real Parties in Interest) |
| S151615 | Amalgamated Transit Union v. Superior Court of Los Angeles County (First Transit, Inc., et al., Real Parties in Interest) |
| S162156 | In re S. B. et al.; Lassen Co. Dept. of Health and Human Services v. Sharyl S. |

### 2:00 P.M.
| | |
|---|---|
| S078664 | People v. Avila (Joseph) [Automatic Appeal] |
| S157793 | Guzman et al. v. County of Monterey et al. |
| S151370 | Bonander et al. v. Town of Tiburon et al. |

                                        GEORGE
                                     *Chief Justice*

If exhibits are to be transmitted to this court, counsel must apply to the court for permission. (See Cal. Rules of Court, rule 8.224(c).)

**Attachment 2**

# INTERNAL OPERATING PRACTICES
# AND PROCEDURES OF THE
# CALIFORNIA SUPREME COURT

*(Revised October 22, 2003, November 24, 2003, ~~and~~ August 25, 2004, <u>and January 1, 2007</u>)*[1]

The following internal operating practices and procedures are observed by the California Supreme Court in the performance of its duties.[2]

## I. ACTING CHIEF JUSTICE

An Acting Chief Justice performs the functions of the Chief Justice when the Chief Justice is absent or unable to participate in a matter. The Chief Justice, pursuant to constitutional authority (Cal. Const., art. VI, § 6), selects on a rotational basis an associate justice to serve as Acting Chief Justice.

## II. TRANSFER OF CASES

A. All transfers to the Supreme Court of a cause in a Court of Appeal pursuant to article VI, section 12 of the California Constitution are accomplished by order of the Chief Justice made on a vote of four justices assenting thereto.

B. Unless otherwise ordered by the Chief Justice, all applications for writs of mandate and/or prohibition that have not previously been filed with the proper Court of Appeal are transferred to such court.

## III. CONFERENCES

A. Unless otherwise directed by the Chief Justice, regular conferences are held each Wednesday, excluding the Wednesday of regular calendar sessions and the first Wednesday of July and August.

---

[1] These practices and procedures may be amended from time to time, as needed, to facilitate the court's ability to discharge its duties. Amendments are reflected in updated versions of the practices and procedures on the California Courts Web site at <http://www.courtinfo.ca.gov/courts/supreme/iopp.htm>. Section VIII.D was amended October 22, 2003; sections III.E, IX, X, and XII were amended November 24, 2003; sections IV.J and XIII.B were amended August 25, 2004<u>; and, rules references throughout were amended effective January 1, 2007, to reflect the reorganization and renumbering of the California Rules of Court effective on that date</u>.

[2] Various provisions of the California Constitution, codes, and rules of court, as well as numerous provisions of the decisional law, bear on how the court functions. The court's internal operating practices and procedures should be considered in that context.

1

### X. FILING OF OPINIONS

When the circulation process has been completed, the Calendar Coordination Office shall notify the authoring justice of each proposed opinion that the matter appears ready for filing, and shall inquire whether each authoring justice is releasing his or her opinion for filing.  When all opinions have been released for filing, the Calendar Coordination Office shall provide for the duplication of the opinion, and shall notify the Clerk of the Court and the Reporter of Decisions of the scheduled filing date.  The Clerk of the Court shall file the opinion on the scheduled date at the San Francisco office of the Supreme Court.

Opinions are completed in time for reproduction and filing on a normal opinion-filing day.  Unless good cause to vacate submission appears, the opinions are filed on or before the 90th day after submission.  Internal circulation of an opinion after the 80th day following submission may result in the inability of the author of the proposed majority or of another timely circulated opinion to afford the views contained in the late circulated opinion full consideration and response.  Such late circulated opinions will not be filed until at least 10 days but in no event more than 20 days after the filing of the majority opinion.  At any time before the majority or lead opinion is final, the court may modify or grant rehearing pursuant to the applicable rules of court.

### XI. REVIEW OF DETERMINATIONS BY THE COMMISSION ON JUDICIAL PERFORMANCE

A petition for review of a determination by the Commission on Judicial Performance to retire, remove, censure, admonish, or disqualify a judge or former judge under subdivision (d) of section 18 of article VI of the California Constitution must address both the appropriateness of review and the merits of the commission's determination.  The commission may file a response, and the petitioner a reply, within prescribed times.  The petition is assigned by the Calendar Coordinator, under the direction of the Chief Justice, to the civil central staff.  When briefing is complete, the staff prepares a conference memorandum in which the recommendation generally will be either to "Deny" or "Retain for Further Consideration."  If a majority of the justices vote to "deny," the petition is denied, and an order to that effect is filed forthwith.  If a majority vote to "retain for further consideration," the Chief Justice assigns the case to a justice who voted to retain.  This justice then prepares a memorandum on the merits, which will serve as a calendar memorandum if an order granting review subsequently is filed. The court's usual procedures for circulation of calendar memoranda then are followed.  Once all concurring and dissenting memoranda have circulated, and it appears there is a majority for a particular disposition, the matter is considered at a conference. If a majority vote to deny review, an order to that effect is filed forthwith.  If a majority vote to grant review, an order to that effect is filed, and the case is simultaneously set for oral argument at the soonest possible time under the court's usual scheduling rules.  Because of the time limitations in subdivision (d) of section 18 of article VI of the California Constitution, continuance of oral argument rarely will be granted.  Following