IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY DEBARTOLO,<br><br>    Plaintiff,<br><br>         v<br><br>BANK OF AMERICA N A,<br><br>    Defendant.<br>_____/ | No C 08-5553 VRW<br><br>ORDER |

On April 16, 2009, the court granted a stay in this matter pending the resolution of <u>Miller v Bank of America NT and SA</u>, 46 Cal 4th 630 (2009) ("Miller").  Doc #26.

On June 1, 2009, the Supreme Court of California issued its decision in <u>Miller</u>.  The court concluded that Bank of America's practice of balancing customers' accounts by applying account credits, including deposits of public benefit funds, against account debits, including overdrafts and insufficient funds, does not violate California law. 46 Cal 4th at 638-44.  The supreme court's decision became final on July 24, 2009, when the court

issued its remittitur to the court of appeal.  Doc #30, Exh C.

On August 21, 2009, the court ordered plaintiff to show cause why this action should not be dismissed in light of the fact that his complaint challenges the same banking practices that the supreme court, in Miller, found to be legal.  Doc #31.  In response, plaintiff argues that "[t]he instant case is factually distinguishable [from Miller] because in Miller, the bank's overdraft fees were legitimate, while the allegations in this complaint are based solely on bank error, and repeated negligent mishandling of plaintiff's account thereafter by numerous bank personnel."  Doc #33.

In reply, defendant contends that despite the fact that plaintiff did not oppose Bank of America's motion to stay this action pending the resolution of Miller (doc #9) or Judge Claudia Wilken's referral of this case for a determination of whether it should be related to Wheeler v Bank of America, C-08-3230 VRW, (a case that challenges the same banking practices as Miller) (doc #18), plaintiff now, for the first time, claims that this case does not involve the bank practices considered in Miller.  Doc #35.  Defendant argues that dismissal is appropriate because it was not until after the supreme court issued its opinion in Miller that plaintiff "disclaimed that his complaint involved a challenge to those banking practices."  Id at 3.

Plaintiff, in arguing that his case is distinguishable from Miller because the fees were charged to him in error, fails to address the court's concern that he was not injured by the bank charging him fees, but by the bank dipping into his public benefit funds to satisfy the fees.  The practice of applying public benefit

2

funds to account debits is allowed under Miller.  46 Cal 4th at 643-44.  If plaintiff wishes to pursue a claim against Bank of America for deceptive business practices or fraudulently charging him an overage fee, he may do so.  But that is not the claim he is making here.  Instead, plaintiff alleges that he was harmed by defendant taking his public fund deposits and applying them towards his account debits - precisely the activity Miller addressed.

Because plaintiff's claims address business practices deemed legal by the supreme court in Miller, this action is DISMISSED.  To the extent plaintiff wishes to pursue claims against Bank of America that do not arise out of or are related to the banking practices at issue in Miller, he may file a new complaint to address those claims.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge